## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY D. HAMERSLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No.:** |
| | ) | |
| **THOMAS DART, SHERIFF OF COOK** | ) | |
| **COUNTY, COOK COUNTY SHERIFF'S** | ) | |
| **OFFICE, COUNTY OF COOK, ILLINOIS, and** | ) | |
| **and JOHN DOES 1-45,** | ) | |
| | ) | PLAINTIFF DEMANDS A |
| | ) | TRIAL BY JURY |
| **Defendants.** | ) | |

## COMPLAINT

1.     This is a civil action arising under 42 U.S.C § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343 and 18 U.S.C. § 1964.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in Cook County, Illinois, and pursuant to 18 U.S.C. § 1965.

## PARTIES

3.     Plaintiff, Larry Hamersly ("Hamersly") was a detainee at the Cook County Department of Corrections located at 2700 South California, Chicago, Illinois 60608, beginning on October 23, 2018.

4.     Defendant Thomas Dart, was, at all times relevant herein, The Sheriff of Cook County. As the duly elected Sheriff of Cook County, Dart operates in his official capacity as the Cook County Sheriff. He is sued in his official capacity.

5.     The Cook County Sheriff's office is a division of the County of Cook that provides innumerable services, including managing and operating the Cook County Department of Corrections, including the facility located at 2700 South California, Chicago, Illinois 60608.

6.     Defendant County of Cook is a local public entity under the law of the State of Illinois.

7.     Defendants Deputies John Does 1-15, at all times relevant herein, were employees of Cook County.  Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

8.     Defendants John Does 16-30 were, at all times relevant herein, were employees of Cook County with administrative responsibility for investigating complaints of misconduct by Cook County employees and for supervising medical personnel at Cermak Health Services of Cook County ("Cermak"), a subdivision of the County of Cook that provide medical services for detainees.  Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

9.     Defendants John Does 31-45 were, at all times relevant herein, were employees of Cook County with responsibility for conducting the inmate's intake process and to provide medical evaluations and treatment at Cermak.  Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

10.     At all relevant times, all defendants were acting within the scope of their employment at the times of incidents giving rise to the causes of action.  All defendants have acted and continue to act under the color of law in the State of Illinois at all times relevant.

## BACKGROUND

11.     On October 23, 2018, Larry Hamersly was operating a motor vehicle in the County of Cook, when he became the subject of a traffic stop.

12.     At the time of the traffic stop, Larry Hamersly was, upon information and belief, operating a motor vehicle with a suspended or revoked driver's license.

13.     On October 23, 2018, Hamersly was then taken into custody and transferred to the Cook County Department of Corrections located at 2700 South California.

14.     At some point prior to the traffic stop, Hamersly suffered an injury to his wrist.  At the time of the traffic stop, Hamersly had an injury to his wrist for which he was wearing a brace.

15.     Upon Hamersly's arrival to the Cook County Department of Corrections, Hamersly was processed by Defendant Cook County, Defendants Deputies John Does 1-15, Defendants John Does 16-30, and/or Defendants John Does 31-45.

16.     The intake process at the Cook County Department of Corrections includes a medical evaluation by Defendant County of Cook, defendant Cook County Sheriff's Office, the Defendants Deputies John Does 1-15, Defendants John Does 16-30, and/or Defendants John Does 31-45.

17.     It was discovered through the medical evaluation during Hamersly's intake that he had an injury to his wrist for which he was wearing a brace. He was then transferred to Cermak for further medical evaluation, to include further evaluation of Hamersly's wrist.

18.     Inmates that have medical concerns, issues or injuries, that are discovered upon the initial intake process, are required to be transferred to Cermak for further medical evaluation in accordance with policies and procedures of the County of Cook, the Cook County Sheriff's Office and the Cook County Department of Corrections.

19.     Hamersly was transferred to Cermak for further medical evaluation upon which he was placed in a holding room.

20.     In the holding room, Hamersly was handcuffed by both wrists, including by his injured wrist, and then handcuffed to an area that included a bench.

21.     Hamersly was caused to wait for an unreasonable period of time, believed to be several hours, handcuffed by his injured wrist, awaiting further medical evaluation.

22.     Upon information and belief, Hamersly was left in the holding area prior to a shift change and was never attended to until after a shift change, believed to be a period of several hours.

23.     During the time Hamersly was handcuffed by his injured wrist to the bench area, Hamersly fell from the bench, and unable to break his fall due to the handcuffs, and stuck his head on the ground, causing significant injury.

24.     Hamersly, while on the floor still handcuffed and bleeding from his head, needed to repeatedly call for help before he was finally attended to.

25.     As a result of this fall, Hamersly received 5 staples in his head.

26.     After receiving 5 staples in head, he received no further medical treatment, including any evaluation of his previously injured wrist or further evaluation of his injured head, and was then transferred to his assigned cell.

27.     Hamersly, despite repeated requests, did not receive proper medical treatment for his injuries to his head, wrist and other medical issues of Hamersly for

approximately one week after Hamersly was first processed at initial intake and arrived at the Cook County Department of Corrections.

28.     Defendant Cook County, Defendant Cook County Sheriff's Office, the Defendants Deputies John Does 1-15, Defendants John Does 16-30, and/or Defendants John Does 31-45, were deliberately indifferent to the medical needs of Hamersly.

29.     Upon information and belief, no incident report was generated by Defendant County of Cook, Defendant Cook County Sheriff's Office, the Defendants Deputies John Does 1-15, Defendants John Does 16-30, and/or Defendants John Does 31-45 regarding Hamersly's unreasonable holding period and injuries he sustained as a direct result.

30.     Cook County guidelines, instructions and protocol require such incidents to be documented.

31.     Defendant County of Cook, Defendant Cook County Sheriff's Office, the Defendants Deputies John Does 1-15, Defendants John Does 16-30, and/or Defendants John Does 31-45 intentionally failed to generate any incident report, as required, in an attempt to cover up Hamersly's unreasonable holding period, deliberate indifference to Hamersly's medical needs and the injuries he sustained as a result.

32.     Upon information and belief, certain employees of the County of Cook were cited and/or suspended for their failure to document or report Hamersly unreasonable holding period, the deliberate indifference to his medical needs in failing to render appropriate medical care and the injuries he sustained as a direct result.

33.     The acts described above are part of an institutional practice or custom constituting an official policy of the Cook County Sheriff's Office and its employees of covering up instances of deliberate indifference to medical care.

34.     Upon information and belief, Defendants Dart, the Cook County Sheriff's Office, and Defendant County of Cook had prior notice of the propensity of the Sheriff's Office and Cook County employees to cover up instances of deliberate indifference to detainees or inmates medical care, but took inadequate steps to train and supervise these employees or failed to implement meaningful procedures to discourage their unlawfully abuse of power.

4

35.     Hamersly has sustained permanent physical and psychological trauma. He has suffered great pain and discomfort and continues to experience physical and psychological damage.

## COUNT I
### Section 1983 Claim Against Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 1-15
### For Deliberate Indifference to Medical Needs

36.     The allegations of paragraphs 1 through 35 are incorporated herein by reference.

37.     As described above, the actions of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 1-15 exhibited deliberate indifference to Hamersly's serious medical needs, were performed under color of state law, and violated Hamersly's rights under the Fourteenth Amendment to the United States Constitution.

38.     As a direct and proximate result of the actions of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 1-15 in failing to ensure that Hamersly received prompt and adequate medical care, Hamersly was subjected to increased pain and the threat of serious physical injury.

39.     The conduct of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 1-15 was willful and exhibited flagrant disregard for Hamersly's federal secured rights.  Accordingly, these defendants are liable to Hamersly under 42 U.S.C. § 1983.

## COUNT II
### Section 1983 Claim Against Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 16-30
### For Deliberate Indifference to Medical Needs

40.     The allegations of paragraphs 1 through 35 are incorporated herein by reference.

41.     As described above, the actions of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 16-30 exhibited deliberate indifference to Hamersly's serious medical needs, were performed under color

of state law, and violated Hamersly's rights under the Fourteenth Amendment to the United States Constitution.

42.     As a direct and proximate result of the actions of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 16-30, in failing to ensure that Hamersly received prompt and adequate medical care, Hamersly was subjected to increased pain and the threat of serious physical injury.

43.     The conduct of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 16-30 was willful and exhibited flagrant disregard for Hamersly's federal secured rights.  Accordingly, these defendants are liable to Hamersly under 42 U.S.C. § 1983.

<u>**COUNT III**</u>
**Section 1983 Claim Against Defendant Cook County, Defendant Cook County**
**Sheriff's Office and Defendants Deputies John Does 31-45**
<u>**For Deliberate Indifference to Medical Needs**</u>

44.     The allegations of paragraphs 1 through 35 are incorporated herein by reference.

45.     As described above, the actions of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 31-45 exhibited deliberate indifference to Hamersly's serious medical needs, were performed under color of state law, and violated Hamersly's rights under the Fourteenth Amendment to the United States Constitution.

46.     As a direct and proximate result of the actions Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 31-45, in failing to ensure that Hamersly received prompt and adequate medical care, Hamersly was subjected to increased pain and the threat of serious physical injury.

47.     The conduct of Defendant Cook County, Defendant Cook County Sheriff's Office and Defendants Deputies John Does 31-45 was willful and exhibited flagrant disregard for Hamersly's federal secured rights.  Accordingly, these defendants are liable to Hamersly under 42 U.S.C. § 1983.

## COUNT IV
### Section 1983 Claim Against Defendants Sheriff Thomas Dart, Defendant Cook County, Defendant Cook County Sheriff's Office and John Does 1-45 For cover up by Sheriff's Office Employees

48.     The allegations of paragraphs 1 through 35 are incorporated herein by reference.

49.     As described above, the actions of Defendant Sheriff Thomas Dart, Defendant County of Cook, the Cook County Sheriff's Office and John Does 1-45 in covering up the unreasonable holding period, the deliberate indifference to medical needs and the injuries sustained as a result, were performed under color of state law, and violated Hamersly's rights under the Fourteenth Amendment to the United States Constitution.

50.     As a direct and proximate result of the actions of Defendant Sheriff Thomas Dart, Defendant County of Cook, the Cook County Sheriff's Office and John Does 1-45 in failing to ensure that Hamersly received prompt and adequate medical care, Hamersly was subjected to increased pain and the threat of serious physical injury.

51.     The conduct of Defendant Sheriff Thomas Dart, Defendant County of Cook, the Cook County Sheriff's Office and John Does 1-45 was willful and exhibited flagrant disregard for Hamersly's federal secured rights.  Accordingly, these defendants are liable to Hamersly under 42 U.S.C. § 1983.

## COUNT V
### Indemnification Claim Against Defendant Cook County

52.     The allegations of paragraphs 1 through 35 are incorporated herein by reference.

53.     Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/46-3 and 5-1106, Defendant Cook County is empowered and directed to pay any tort judgment for compensatory damages for which an independently elected Cook County Officer such as Defendant Dart or his deputies acting within the scope of their employment is found liable.

54.     Defendant Cook County is liable for any judgment entered against Defendant Dart and John Does 1-45 for compensatory damages.

55.     In the event a judgment for compensatory damages is entered against these defendants, Defendant Cook County must pay the judgment.

WHEREFORE, Hamersly requests that this Court grant him the following relief, jointly and severally against the named defendants:

A. Judgment for compensatory damages against all defendants in an amount to be determined at trial;

B. Judgment for punitive damages against all defendants in an amount to be determined at trial;

C. An award of the costs of this action against all defendants, including reasonable attorney's fees, in accordance with 42 U.S.C. § 1988 and/or 18 U.S.C. § 1964(c);

D. An order requiring Defendant Cook County to pay any judgment for compensatory damages entered against Defendants Dart and John Does 1-45; and

E. Any such other relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
SALVATO & O'TOOLE
Attorneys for Plaintiff

BY: _____
Paul G. O'Toole

SALVATO & O'TOOLE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1750
Chicago, IL 60604
(312) 583-9500